1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  DIALLO B. DARRINGTON,                    Case No.:  16cv2839-JLS (PCL)

12                            Plaintiff,
                                            **ORDER DISMISSING CASE WITH**
13  v.                                      **PREJUDICE**

14  RICHARD D. HUFFMAN, et al.,             (ECF No. 4)

15                          Defendants.

16

17       Presently before the Court is Plaintiff's Amended Complaint ("Am. Compl."), (ECF

18  No. 4). The Court previously granted Plaintiff's Motion to Proceed *In Forma Pauperis*, but

19  dismissed Plaintiff's Section 1983 case without prejudice pursuant to its sua sponte

20  screening duty under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (*See generally* Order

21  Granting Mot. to Proceed *In Forma Pauperis* and Dismissing Compl. Without Prejudice

22  ("Prior Dismissal Order"), ECF No. 3.) Specifically, the Court noted that although it

23  "entertains serious doubts that Plaintiff will be able to cure his Complaint through

24  amendment, Plaintiff is nonetheless granted leave to amend his Complaint." (*Id.* at 4

25  (emphasis removed).) This was because:

26

27       Plaintiff's claims against the three named Defendants are for actions taken in
         their judicial capacities, *see Stump v. Sparkman*, 435 U.S. 349, 362 (1978)
28       ("[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the

                                            1

act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."), and Section 1983 explicitly prohibits Plaintiff's requested form of relief: "[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable[,]" 42 U.S.C. § 1983. Although there may well be other deficiencies in Plaintiff's complaint, this alone is sufficient to warrant dismissal of Plaintiff's claims.

*Id.*

Plaintiff's Amended Complaint again asserts Section 1983 claims against California Associate Justices Richard D. Huffman, Gilbert Nares, and Terry B. O'Rourke. The claims again center on "[t]he failure of [each Justice] to either reverse the lower court[,] void judgment, or take judicial notice pursuant to [the California Evidence Code] . . . ." (Am. Compl. 2.) As previously explained, this type of suit is explicitly barred both by the doctrine of judicial immunity and Section 1983 itself. Accordingly, Plaintiff again fails the sua sponte screening and—because Plaintiff has for a second time failed to assert a viable claim for relief, and because it appears from both iterations of Plaintiff's Complaint that the core of Plaintiff's alleged harm stems from valid judicial proceedings—the Court this time **DISMISSES WITH PREJUDICE** Plaintiff's Amended Complaint. *See also, e.g.*, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining federal courts have no subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

Because this concludes the litigation in this matter, the Clerk **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: April 20, 2017

Hon. Janis L. Sammartino
United States District Judge

2

16cv2839-JLS (PCL)