UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIALLO B. DARRINGTON,<br><br>                        Plaintiff,<br><br>v.<br><br>RICHARD D. HUFFMAN, et al.,<br><br>                        Defendants. | Case No.: 16cv2839-JLS (PCL)<br><br>**ORDER REVOKING *IN FORMA PAUPERIS* STATUS AND DENYING MOTION TO PROCEED *IN FORMA PAUPERIS***<br><br>(ECF No. 8) |

Presently before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP Mot."). (ECF No. 8.) The Court previously granted Plaintiff leave to proceed *in forma pauperis*, (ECF No. 3), but ultimately dismissed with prejudice Plaintiff's claims, (ECF Nos. 5, 6).

Plaintiff has now submitted a notice of appeal to the Ninth Circuit. (ECF No. 8.) Federal Rule of Appellate Procedure 24(a)(3) generally provides that "[a] party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization . . . ." However, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also* Fed. R. App. P. 24(a)(3)(A). An appeal is not taken in good faith if the plaintiff asserts claims that are frivolous. *See Hooker v. Am. Airlines*, 302 F.3d 1091, 1091–92 (9th Cir. 2002).

The present case stems from Plaintiff's assertions that three associate justices of the California Court of Appeals took certain actions during the pendency of Plaintiff's underlying appeal that "divested [t]h[e]m of jurisdiction" such that their "[a]ppellate review thereafter was done 'under color of law.' " (Am. Compl. 2, ECF No. 4.) The Court initially dismissed Plaintiff's Complaint because his "claims against the three named Defendants are for actions taken in their judicial capacities" and are therefore barred both by the doctrine of judicial immunity and 42 U.S.C. § 1983 itself. (Order Granting Mot. to Proceed *In Forma Pauperis* and Dismissing Compl. Without Prejudice 4, ECF No. 3.) The Court highlighted for Plaintiff the relevant statutory provisions and case law, and despite "serious doubts that Plaintiff w[ould] be able to cure his Complaint through amendment" nonetheless granted Plaintiff leave to amend his Complaint in case he was merely confused as to the appropriate legal theory under which to seek redress. (*Id.*) However, Plaintiff's Amended Complaint asserted the same underlying factual predicate for his claims, (*see generally* Am. Compl.), and thus the Court dismissed Plaintiff's claims with prejudice under (1) the doctrine of judicial immunity, (2) section 1983 itself, and (3) the *Rooker-Feldman* doctrine, (Order Dismissing Case with Prejudice 2, ECF No. 5).

There is no question that any or all of these long-settled legal principles bars Plaintiff's case, and thus any appeal taken would be merely frivolous. Accordingly, the Court **REVOKES** Plaintiff's *in forma pauperis* status and **DENIES** Plaintiff's IFP Motion.

**IT IS SO ORDERED.**

Dated: May 22, 2017

Hon. Janis L. Sammartino
United States District Judge